Ed PERDUE

v.

**QUORUM HEALTH RESOURCES,
INC., et al.**

No. 3:95–0617.

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 7, 1996.

Robert Jan Jennings, Nashville, TN, for plaintiff.

Robert L. Trentham, William Taylor Ramsey, Nashville, TN, for defendants.

## MEMORANDUM

CAMPBELL, District Judge.

Pending before the Court are Defendant Quorum Health Resources, Inc.'s Motion for Partial Summary Judgment (Docket No. 20);

Defendants City of Milan Hospital and Its Board of Trustees' Motion for Summary Judgment (Docket No. 21); and Plaintiff's Motion for Partial Summary Judgment (Docket No. 28). For the reasons explained herein, Defendant Quorum's Motion for Partial Summary Judgment (Docket No. 20) is GRANTED; Defendants City of Milan Hospital and Its Board of Trustees' Motion for Summary Judgment (Docket No. 21) is GRANTED; and Plaintiff's Motion for Partial Summary Judgment (Docket No. 28) is DENIED.

Plaintiff alleges that he was terminated from his employment in violation of both federal and state law. Specifically, Plaintiff asserts that Defendants violated his rights under 42 U.S.C. § 1983 ("Section 1983"), 42 U.S.C. § 2000e, et seq. ("Title VII"), and 29 U.S.C. § 621, et seq. ("the ADEA") and violated his right to due process under the United States and Tennessee Constitutions.

Plaintiff also asserts that Defendants violated Tennessee Code Annotated Section 8–44–101, et seq. ("Open Meetings Act") and Tennessee Code Annotated Section 4–21–101, et seq. ("Tennessee Human Rights Act"). Plaintiff sues Defendant Quorum Health Resources, Inc. ("Quorum") for the state law claim of slanderous interference with prospective business relations. Plaintiff further alleges state law claims against all Defendants for emotional distress; loss of work, reputation, income and future earnings; and breach of contract.

Defendant Quorum filed a Motion for Partial Summary Judgment with regard to Plaintiff's Section 1983 claims. Defendants City of Milan Hospital and its Board of Trustees (together, "the Hospital") filed a Motion for Summary Judgment on all claims. Plaintiff filed a Motion for Partial Summary Judgment on his claims against all Defendants under Tennessee's Open Meetings Act.

The Court notes that neither side has fully complied with Local Rule 8(b)(7). Putting aside these failures of the parties to comply with the Local Rules, however, the Court finds that the following facts, nevertheless, appear to be undisputed.

## FACTS

Plaintiff is a 59–year–old male Tennessee citizen. Defendant City of Milan Hospital is owned by the City of Milan, Tennessee, and operated pursuant to a set of by-laws by a Board of Trustees, the members of which are named Defendants herein. Defendant Quorum is a private corporation which provides, among other things, administrative and management services to health care facilities.

Under the terms of a Management Agreement dated May 1, 1991 ("the Agreement"), Defendant Quorum contracted to provide certain services to the Hospital, including an obligation to provide the services of "Key Personnel," specifically a hospital administrator (CEO) and a controller. The Agreement provides that all Key Personnel employed by Quorum whose services are furnished to the Hospital "shall be employees of Quorum throughout the Term of this Agreement." Agreement (Exhibit A to Docket No. 25), p. 13.

In addition, the Agreement provides that the *selection* of Key Personnel and their replacements shall be subject to the Hospital Board's approval, "which shall not be unreasonably withheld." *Id.,* p. 14. All *other* Hospital personnel are employees or independent contractors of the Hospital and are subject to the Hospital's personnel policies. *Id.,* p. 5.[1]

Pursuant to the Agreement, Plaintiff was hired by Quorum, on or about September 1, 1991, to serve as administrator/CEO of Defendant City of Milan Hospital.[2] Plaintiff does not contend that he was employed by anyone other than Quorum during the rele-

---

1. Quorum agreed to indemnify and hold harmless the Hospital for any claims asserted against the Hospital for any personnel or other action brought by any Key Person against the Hospital relating to acts performed by such Key Person within the scope of his employment by Quorum. Agreement, pp. 24–25.

2. "[W]e had been talking about an interim position that Quorum was going to maybe put together a few administrators, I was to fill in at various hospitals." Plaintiff's Deposition, p. 24. Quorum had committed to put Plaintiff into "some other hospital administration job." *Id.,* pp. 24–25.

vant time period. Plaintiff's Deposition, p. 41.

Quorum paid Plaintiff's compensation and benefits, and the Hospital reimbursed Quorum for those amounts. Quorum was the owner of Plaintiff's life insurance policy and provided Plaintiff with stock options available to employees at Quorum. None of Plaintiff's benefits were provided by the Hospital Defendants. Plaintiff's supervisor was an employee of Quorum.

In late December, 1994, Plaintiff was terminated from his employment with Defendant Quorum. Plaintiff was told that he was terminated for "poor judgment" or "bad judgment." It is undisputed that the Hospital Board was not consulted about the decision to terminate Plaintiff prior to his termination and that Defendant Quorum alone made that decision.

## SECTION 1983

▪ Defendant Quorum contends that it cannot be liable under Section 1983 because it is not a "state actor." Under Section 1983, a plaintiff must allege that he was deprived of a right secured by the U.S. Constitution or laws of the United States *by a person acting under color of state law.* 42 U.S.C. § 1983. Similarly, the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities. *Rendell–Baker v. Kohn,* 457 U.S. 830, 837, 102 S.Ct. 2764, 2769, 73 L.Ed.2d 418 (1982). The Fourteenth Amendment and Section 1983 "erect no shield against merely private conduct however discriminatory or wrongful." *Mineo v. Transportation Management of Tenn., Inc.,* 694 F.Supp. 417, 423 (M.D.Tenn. 1988).

▪ The principal inquiry in determining whether a private party's action constitutes "state action" under the Fourteenth Amendment is whether the party's actions may be "fairly attributable to the state." *Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th

Cir.1992). The Supreme Court has set forth three tests to determine whether the challenged conduct may be fairly attributable to the state in order to hold the defendants liable under Section 1983. Those tests are: (1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test. *Id.; see also Ellison v. Garbarino,* 48 F.3d 192, 195 (6th Cir.1995).

▪ The public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections or eminent domain. *Id.*[3] With regard to this case, the management of hospital services has not been a power which has traditionally been exclusively reserved to the state. There are certainly private hospitals in the State of Tennessee, and the hospitals which are supported by municipalities are often given the freedom to contract with public or private companies to provide services. Such services are not exclusive to the State of Tennessee and its political subdivisions.

▪ The state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state. *Cornett v. Mason Volunteer Fire Co.,* 85 F.3d 628, 628 (6th Cir.1996); *Wolotsky,* 960 F.2d at 1335. "More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives." *Id.* (citing *Blum v. Yaretsky,* 457 U.S. 991, 1005–06, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1982)).

In *Rendell–Baker,* the Supreme Court stated: "Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts." *Rendell–Baker,* 457 U.S. at 841, 102 S.Ct. at 2771.

▪ Here, the Hospital Defendants did not exercise any coercive power, either overt or covert, over Defendant Quorum's decision to terminate Plaintiff's employment. It is undisputed that the Hospital Defendants had

---

**3.** Both the Supreme Court and the Sixth Circuit Court of Appeals have rejected many attempts to broaden the range of powers to which this definition applies. *Cornett v. Mason Volunteer Fire Co.,* 85 F.3d 628, 628 (6th Cir.1996).

*no* involvement in the decision to terminate Plaintiff. In fact, Plaintiff's own argument—that the Board thought it could do nothing about Plaintiff's termination—supports the finding that there was no coercive power or significant encouragement from the Hospital to Quorum with regard to this termination decision.

■ Under the symbiotic relationship/nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the private party so that the action of the latter may be fairly treated as that of the state itself. *Wolotsky,* 960 F.2d at 1335. It must be demonstrated that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of Section 1983. *Id.*

■ In this case, Plaintiff has failed even to allege such a symbiotic relationship or nexus. To the contrary, for the same reasons that there is no state coercion in this case, there also was no "intimate involvement" of the Hospital in the decision to terminate Plaintiff. Even Plaintiff admits that.

In *Mineo,* a bus driver was discharged by a private contractor operating the Metropolitan Transit Authority of Nashville and Davidson County. He sued the private contractor, the transit authority and the city for Section 1983 and ADEA claims. Citing *Blum* and *Rendell–Baker,* the Court found no state action in the contractual relationship between the transit authority and the private company, where the transit authority provided funding for the system managed by the private company, but the private company made the personnel decisions. *Mineo,* 694 F.Supp. at 423–24.

For all these reasons, the Court finds that Defendant Quorum was not acting "under color of state law" when it decided to terminate Plaintiff. Thus, *Defendant Quorum's* Motion for Partial Summary Judgment is GRANTED, and Plaintiff's Section 1983 claim against Quorum is dismissed.

The Hospital Defendants allege that they cannot be liable under Section 1983 because they had no part in the decision to terminate Plaintiff and, therefore, they had no involvement in any alleged deprivation of a constitutional right. Further, since they had no involvement and the decision to terminate was made solely by a private corporation, there was no "state action," as explained above. The Hospital Defendants also argue that Plaintiff had no constitutionally-protected right in continued employment.

■ Because the Court has found that the Hospital Defendants were not involved in the decision to terminate Plaintiff and that there was, therefore, no state action, Plaintiff's Section 1983 claim against the Hospital Defendants must also be dismissed. The Court need not reach the question of whether Plaintiff had any constitutionally-protected interest in his continued employment because there was no "state action."

## OPEN MEETINGS ACT

■ Plaintiff asserts that his termination was "void and of no effect" because the decision to terminate was made in violation of Tennessee's Open Meetings Act, Tennessee Code Annotated Section 8–44–101, *et seq.* As the Court has found, above, the decision to terminate Plaintiff's employment was made solely by his employer, Defendant Quorum, a private corporation not subject to the Open Meetings Act.

Plaintiff also contends that the Board of the Hospital met in late December of 1994, deliberated, and decided that it could do nothing about Plaintiff's termination. Plaintiff's suggestions about the nature of this "meeting," however, are speculative at best. The Open Meetings Act defines a "meeting" as "the convening of a governing body of a public body for which a *quorum* is required in order to make a decision or to deliberate toward a decision on any matter." Tenn. Code Ann. § 8–44–102(b)(2).

Here, the alleged "meeting" of the Board occurred *after* Plaintiff had been terminated. Plaintiff has produced no proof that the gathering of which he complains was "in order to make a decision or to deliberate toward a decision on any matter."

It is undisputed that the Board took no action to ratify or approve Plaintiff's termination. Similarly, the Board took no action to try to nullify or denounce Plaintiff's termination. Plaintiff can point to nothing in the Management Agreement which requires that the Hospital Board take any action with regard to Plaintiff's termination.

Thus, even if the Board members' discussion of Plaintiff's termination in an informal setting could somehow be characterized as "deliberations," the Board had no power to act on those deliberations. Plaintiff was an employee of Quorum. The Board correctly assumed that Quorum could terminate Plaintiff without approval from the Hospital.

Furthermore, there is no causal connection between the alleged violation of the Open Meetings Act and Plaintiff's termination. Even if the Open Meetings Act had been violated, Plaintiff's termination was not affected. Plaintiff's termination had already occurred and was a decision of Quorum alone.

For all these reasons, Plaintiff's claims for violation of Tennessee's Open Meetings Act are without merit, and Plaintiff's Motion for Partial Summary Judgment is DENIED. Further, all Defendants are entitled to summary judgment on Plaintiff's claims under the Open Meetings Act.

## TITLE VII, ADEA AND THRA CLAIMS

 The Hospital Defendants have moved for summary judgment on Plaintiff's Title VII and ADEA claims as well. Because the Hospital was not Plaintiff's "employer," it cannot be liable under Title VII and the ADEA to one who was not its "employee." Accordingly, the Hospital Defendants are entitled to summary judgment on Plaintiff's Title VII and ADEA claims.

Similarly, the Hospital Defendants cannot be liable under the Tennessee Human Rights Act ("THRA"). Under the THRA, it is unlawful *for an employer* to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, creed, color, religion, sex, age, or national origin. Tenn.Code Ann. § 4–21–401(a)(1).

Because the Hospital Defendants were not Plaintiff's employer, they cannot be liable under the THRA.

Defendant Quorum, which *was* Plaintiff's employer, has not moved for summary judgment on Plaintiff's Title VII, ADEA or THRA claims.

## STATE LAW CLAIMS

The only remaining claims against the Hospital Defendants are Plaintiff's state law claims for breach of contract, emotional distress and loss of work, reputation, income and future earnings. All federal claims against the Hospital Defendants having been dismissed, the Court, in its discretion, declines to exercise supplemental jurisdiction over the remaining state law claims against the Hospital Defendants. *See* 28 U.S.C. § 1367.

## CONCLUSION

Thus, the Motion for Summary Judgment of the City of Milan Hospital and its Board (Docket No. 21) is GRANTED, and Plaintiff's claims against the Hospital Defendants are DISMISSED. Defendant Quorum's Motion for Partial Summary Judgment (Docket No. 20) is GRANTED, and Plaintiff's Section 1983 claims against Quorum are DISMISSED. Plaintiff's Motion for Partial Summary Judgment (Docket No. 28) is DENIED, and Plaintiff's claims against Defendants for violation of Tennessee's Open Meetings Act are DISMISSED.

The remaining claims against Defendant Quorum are claims under Title VII and the ADEA and state law claims for violations of the THRA; breach of contract; emotional distress; loss of work, income, reputation and future earnings; and slanderous interference with prospective business relations.

This action is REFERRED to the Magistrate Judge for further case management proceedings in accordance with the Magistrate Judge's Order of February 22, 1996 (Docket No. 27).

It is so ORDERED.