IN THE COURT OF APPEALS OF TENNESSEE

FILED

December 31, 1998
Cecil Crowson, Jr.
Appellate Court Clerk

WILLIAM THOMAS WINCHESTER,              )
                                        )
           Plaintiff/Appellant,      ) Madison Circuit
No. C-97-370                            )
                                        )
VS.                                     )   Appeal  No.
02A01-9806-CV-00158                     )
                                        )
CHRISTY RAUCHLE LITTLE,                 )
                                        )
           Defendant/Appellee.       )

APPEAL FROM THE CIRCUIT COURT OF MADISON COUNTY
AT JACKSON, TENNESSEE
THE HONORABLE JULIAN P. GUINN, JUDGE

**WILLIAM T. WINCHESTER, pro se**
Jackson, Tennessee

**THOMAS H. RAINEY**
**JOHN D. BURLESON**
**DALE CONDER, JR.**
**RAINEY, KIZER, BUTLER, REVIERE & BELL, P.L.C.**
Jackson, Tennessee
Attorneys for Appellee

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.____**

       Plaintiff William Thomas Winchester ("Winchester" or "Appellant") appeals the decision of the trial court dismissing Plaintiff's Complaint against Defendant Christy Little ("Little" or "Appellee").

## I. Factual and Procedural History

This case arose out of a child custody dispute between Winchester and his former wife which was heard in Chancery Court. Little was appointed to serve as guardian ad litem (or GAL) for the minor child. Little conducted an investigation and submitted her report to the Chancery Court.

The Chancery Court awarded Winchester and his former wife joint custody of the minor child over the recommendation of the guardian ad litem. Both parties appealed the decision and this Court vacated the order and remanded for further findings of fact regarding each parent's capabilities of caring for the child.

Winchester filed a five count Complaint against Little alleging that Little, while acting as guardian ad litem in a child custody case, exceeded the scope of her appointment, and 1) violated Winchester's civil rights, 2) defamed Winchester's character, 3) committed negligence, 4) caused Winchester to suffer the loss of society with his daughter, and 5) committed fraud.

Winchester made several accusations in his complaint. He claims that Little did not conduct her investigation in an impartial manner. Her report contained false and erroneous information. She did not contact the female relatives on the list Winchester provided her and then proclaimed that he had no support from his female relatives. She favors mothers in custody cases. She influenced Winchester's attorney to coerce Winchester into not taking legal action against Little. Finally, Winchester claims that Little influenced his attorney to withdraw from the case.

On November 24, 1997 Little filed an Answer raising the defense of failure to state a claim, denying the allegations, and raising defenses of immunity. On November 26, 1997 Little filed a Motion to Dismiss and/or for Summary Judgment. Little subsequently withdrew as GAL from further proceedings in the matter and Winchester's attorney withdrew as Winchester's counsel.

On April 22, 1998. The trial court granted Little's Motion to Dismiss and/or For Summary Judgment. The trial court granted the motion on the grounds that the claim for defamation was time barred; Winchester's allegations were insufficient to state a claim for negligence as Little owed no duty to Winchester; Little, as GAL, was immune from suit

2

pursuant to Tenn. Code Ann. §37-1-149; Little, as GAL, is not liable under 42 U.S.C. §1983, and further, as GAL, Little is immune from suit pursuant to 42 U.S.C. §1983; and the allegations of fraud are conclusory and do not satisfy the requirements of Rule 9.02 of the Tennessee Rules of Civil Procedure. This appeal by Winchester followed.

Winchester claims that the trial court dismissed his Complaint under 12.02(6) and the standard of review should be de novo with no presumption of correctness, and this Court must take all the well-pleaded factual material allegations as true, and construe the complaint liberally in the plaintiff's favor.

Little contends that matters outside the pleading were presented to and not excluded by the court, and therefore the motion to dismiss was treated as one for summary judgment. Little argues therefore that this Court should review the decision under the standard provided under Rule 56. The standard of review is de novo with no presumption of correctness.

## II. Scope of Review

The trial court's order is couched in terms of a dismissal rather than summary judgment. The trial judge states that his opinion is based upon the pleadings and argument of Plaintiff and counsel for Defendant. No mention is made of consideration of any matters outside the pleadings. Appellee contends that as to the issue of the guardian ad litem's fee, matters outside the pleading were presented to and not excluded by the court. If the guardian ad litem fee was an issue on appeal, this Court might find that partial summary judgment was granted on that issue. However, this Court finds that all the issues raised in this appeal were dismissed by the trial court for failure to state a claim.

A Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the sufficiency of the complaint, not the strength of a plaintiff's proof as does, for example, a motion for a directed verdict. Merriman v. Smith, 599 S.W.2d 548, 560 (Tenn. Ct. App. 1979). The failure to state a claim upon which relief can be granted is determined by an examination of the complaint alone. Wolcotts Fn. Serv. Inc. v. McReynolds, 807 S.W.2d 708, 710 (Tenn. App. 1990). The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law. Cornpropst v. Sloan, 528 S.W.2d 188, 190 (Tenn.

3

1975); <u>Shelby County v. King</u>, 620 S.W.2d 493, 494 (Tenn. 1981); <u>Shipley v, Knoxville Journal Corp.</u>, 670 S.W.2d 222, 223 (Tenn. App. 1984). The motion admits the truth of all relevant and material averments contained in the complaint but asserts that such facts do not constitute a cause of action. <u>League Cent. Credit union v. Mottern</u>, 660 S.W.2d 787, 789 (Tenn. Ct. App. 1983).

In scrutinizing the complaint in the face of Rule 12.02(6) motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. <u>Fuerst v. Methodist Hospital South</u>, 566 S.W.2d 847, 848-849 (Tenn. 1978); <u>Holloway v. Putnam County</u>, 534 S.W.2d 292, 296 (Tenn. 1976). The motion should be denied unless it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. <u>Fuerst</u>, 566 S.W.2d at 848.

As the allegations of fact are taken as true, the issues raised on motion to dismiss are questions of law and the scope of review is de novo with no presumption of correctness. Tenn. R. App. P. 13(d).

### III. State Action

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

A successful §1983 plaintiff must show both that he has been deprived of a right secured by the Constitution and laws of the United States and that the defendant acted under color of any statute of any State. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150; 90 S.Ct. 1598, 1604; 26 L.Ed.2d 142 (1970).

In his Complaint, Appellant alleges that Appellee violated his rights under the Fourteenth Amendment of the United States Constitution. Because the Fourteenth Amendment protects individuals only from governmental and not from private action, Appellant has to demonstrate that Appellee's actions were those of the state. Stated

4

differently, in order to satisfy the first prong of the inquiry (deprivation of a right secured by the Constitution and laws of the United States), Appellant has to demonstrate that Appellee was a state actor. If the challenged conduct of Appellee constitutes state action, then that conduct was also action under color of state law (prong two) and will support a suit under §1983. Lugar v. Edmondson Oil Co., Inc., 102 S.Ct. 2744, 2752 (1982).

Appellant asserts that Appellee, in her role as guardian ad litem, could fairly be said to be a state actor, thus making her amenable to suit under §1983. The issue of whether a guardian ad litem is a state actor has been addressed by the courts. In Snyder v. Talbot, 836 F.Supp. 19, 24 (D.Me. 1993) the court found that the guardian ad litem (GAL) was not a state actor for the purposes of §1983.

> [E]ven using this liberal construction, the Complaint fails to allege a cause of action under section 1983 because courts have generally held that GALs are not state actors for the purposes of the civil rights statute.
> In Meeker v. Kercher for example, the Court of Appeals for the Tenth Circuit reasoned that a guardian ad litem is analogous to a court-appointed attorney because she owes her undivided loyalty to the minor client and not to the state and, hence, does not act "under color" of state law for purposes of section 1983. Meeker, 782 F.2d 153, 155 (10th Cir. 1986). *See also* Malachowski, 787 F.2d at 706 & 710, (stating that a court appointed attorney for a minor in a delinquency proceeding, who had earlier acted as minor's guardian ad litem in abuse and neglect proceedings, does not act under color of state law); and Polk County v. Dodson, 454 U.S. 312, 320, 102 S.Ct. 445, 450, 70 L.Ed.2d 509 (1981) (holding that a public defender, although an employee of the state, assumes no obligation to the state's mission when serving as independent counsel to an indigent defendant, and does not act under color of state law).
> The same reasoning applies in this case, where the GAL was appointed under the Probate Code of the State of Maine, allowing for the appointment of a guardian ad litem for the limited purpose of representing the interest of the minor, upon a determination of the minor's interest would otherwise be inadequate. Pursuant to this statute, the GAL was responsible for exercising independent judgment to ensure that the rights of Plaintiff's minor child were fully and adequately protected in the context of court proceedings, regardless of the interests of the state and the other parties to the litigation. She did not exercise custodial or supervisory rights over the child or engage in any other arrangements that could have been viewed as carrying out the state's mandate. *See* Polk County, 454 U.S. at 320, 102 S.Ct. at 450 (contrasting the independent role of public defenders to the custodial and supervisory functions carried out by doctors employed at state institutions). Based on this restrictive and independent role, the GAL is likewise not a state actor for purposes of §1983.
> Snyder at 24.

Other courts have addressed the issue and come to the same conclusion. Holley v. Deal, 948 F.Supp. 711 (M.D. Tenn. 1996) (holding that a limited guardian who had not taken on substantial authority, conferred by the state, for long-term involvement in

overseeing a minor's or incompetent's well being is not a state actor); Offut v. Kaplan, 884 F.Supp. 1179 (N.D., Ill. 1995) (a guardian ad litem in a state custody proceeding does not act under color of state law); Levine v. County of Westchester, 828 F.Supp. 238 (S.D.N.Y. 1993), aff'd, 22 F.3d 1090 (2nd Cir. 1994) (law guardians who represent children in custody and child abuse disputes do not act under color of state law); Doe v. Bobbitt, 665 F.Supp. 691 (N.D. Ill. 1987) (court appointed guardian ad litem for a child is not a state actor); Chrissy F. v. Mississippi Dep't of Pub. Welfare, 780 F.Supp. 1104 (S.D.Miss. 1991), aff'd in part, rev'd in part, 995 F.2d 595 (5th Cir. 1993), cert. denied, 114 S.Ct. 1336 (1994) (county officials designated as guardians ad litem for a minor in a state court custody dispute were not engaged in state action because they acted on behalf of the minor rather than the state).

Appellant cites cases in which guardians ad litem were found to be state actors. However, in the cited cases Thomas v. Morrow, 781 F.2d 367 (4th Cir. 1986), and Matter of Guardianship of L.W., 482 N.W.2d 60 (Wis. 1992), the issue was whether a guardian of an *incompetent ward* was a state actor. Importantly, in Matter of Guardianship of L.W., the guardian was deciding whether to withdraw life support from L.W. The court found that a guardian designated to make health care decisions for an incompetent ward is a state actor and thus the patient must be accorded due process before the state may deprive him or her of life. In Thomas v. Morrow, the guardian participated in admitting his ward to a state hospital and joined with the state in bringing about various placements.

Appellant also points to various state cases which have found that a guardian ad litem owes his primary duty to the court. Kahre v. Kahre, 916 P.2d 1355, 61 (Okl. 1995) (in custody matters the guardian ad litem has almost universally been seen as owing his primary duty to the court that appointed him); Yonker by and through Helstrom v. Thompson, 939 P.2d 530, 533 (Colo. App. 1997) (a guardian ad litem is an agent of the court through whom it acts to protect the interests of the minor); Cruzan, by Cruzan v. Harmon, 760 S.W.2d 408, 425 (Mo. banc 1988) (a guardian is the delegatee of the state's parens patriae power).

While these cases cited by Appellant lend some weight to Appellant's argument, none of these cases was brought in the context of §1983. Accordingly, this Court affords more weight to the cases which specifically determined whether a guardian ad litem was a state actor, or acted under color of state law, for the purposes of 42 U.S.C. §1983. This Court also places greater reliance on §1983 cases dealing with a guardian ad litem,

appointed to represent the best interest of the child in a custody dispute, over §1983 cases which dealt with a guardian of an incompetent ward.

In the case at hand, Appellee was appointed solely for the purpose of representing the interests of the minor child in the custody dispute. Appellee owed her undivided loyalty to the minor client and not to the state of Tennessee. Appellee was responsible for exercising independent judgment to ensure that the rights of the minor child were fully and adequately protected in the context of the court proceedings, regardless of the interests of the state and the other parties to the litigation. She did not exercise custodial or supervisory rights over the child or engage in any other arrangements that could have been viewed as carrying out the state's mandate. Additionally, the court was not bound by the evidence presented by the guardian ad litem and was free to award custody as it saw fit. (In fact, the trial judge initially went against the recommendation of Appellee and awarded joint custody to the parties.) For all the foregoing reasons, this Court holds that a guardian ad litem appointed to represent the best interest of a child in a custody proceeding is not a state actor.

The allegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). To the extent that Appellant's §1983 complaint could be construed to allege that Appellee violated constitutional provisions other than the Fourteenth Amendment, or statutory provisions which contain no state action requirement, and assuming Appellant could then satisfy prong one of the Adickes inquiry, this Court holds that Appellee, as guardian ad litem, did not act "under color of state law," for the same reasons noted above, and Appellant would therefore fail to satisfy prong two of the Adickes inquiry.[1]

## IV. Immunity Under 42 U.S.C. §1983

The elements of, and defenses to, a federal cause of action are defined by federal

---

[1]As set forth in Lugar, "Although we hold that conduct satisfying the state action requirement of the Fourteenth Amendment satisfies the statutory requirement of action under color of state law, it does not follow from that that all conduct that satisfies the under color of state law requirement would satisfy the Fourteenth Amendment requirement of state action. [S]econd, although we hold in this case that the under-color-of-state-law requirement does not add anything not already included within the state-action requirement of the Fourteenth Amendment, §1983 is applicable to other constitutional provisions and statutory provisions that contain no state-action requirement. Where such a federal right is at issue, the statutory concept of action under color of state law would be a distinct element of the case not satisfied implicitly by a finding of a violation of the particular federal right." Lugar footnote 18.

law. Howlett v. Rose, 496 U.S. 356, 375 (1990). see also Wood v. Strickland, 420 U.S. 308, 314 (1975); Owen v. City of Independence, 445 U.S. 622, 647 n. 30 (Municipal defenses, including assertions of sovereign immunity, are controlled by federal law.) With respect to a §1983 claim, state law immunity privileges and defenses do not control.

The Supreme Court of the United States has held that witnesses and other persons who are integral parts of the judicial process are entitled to absolute immunity. Briscoe v. LaHue, 460 U.S. 325 (1983). This absolute immunity extends to guardians ad litem. Kurzawa v. Mueller, 732 F.2d 1456 (6th Cir. 1984). In Kurzawa, the plaintiff filed a §1983 action against an attorney who functioned as a guardian ad litem for a minor child. The Sixth Circuit noted that a guardian ad litem must act in the best interests of the child he represents. Id. at 1458. The court further stated:

> Such a position clearly places [a guardian ad litem] squarely within the judicial process to accomplish that goal. A guardian ad litem must also be able to function without the worry of possible later harrassment and intimidation from dissatisfied parents. Consequently, a grant of absolute immunity would be appropriate. A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings. Id.

Other courts have also held that a guardian is entitled to absolute immunity. see Flemming v. Asbill, 42 F.3d 886 (4th Cir. 1984) (guardian entitled to immunity for damages liability under §1983); Gardner v. Parson, 874 F.2d 131 (3d Cir. 1989) (guardian should be absolutely immune from liability for civil rights violations); McCuen v. Polk County, 893 F.2d 172 (8th Cir. 1990); Holley v. Deal, 948 F.Supp. 711 (M.D. Tenn. 1996); Offutt v. Kaplan, 884 F.Supp. 1179 (N.D. Ill. 1995).

Appellant's contention that Tenn. Code Ann. §37-1-149 controls Appellee's immunity in this federal issue is incorrect. The extent to which a §1983 defendant is protected by an immunity from liability is a question of federal law. This Court holds that under current federal law, a guardian ad litem, appointed to represent the best interests of a child in a custody proceeding, is entitled to absolute immunity from liability under §1983.

## V. Negligence

To sustain a cause of action for negligence it is necessary: (1) to show a duty of care owed by the defendant to the plaintiff; (2) to show a breach of that duty; and (3) a

8

causal connection between the injury to the plaintiff and the defendant's breach of his duty of care. Shouse v. Otis, 448 S.W.2d 673 (Tenn. 1969). Failure to establish any one of these elements is fatal to a cause of action for negligence.

Appellant alleges that Appellee, as guardian ad litem, owes a duty to the court, to the best interests of the child, and to all the parties involved in the case. Appellant relies on Stinson v. Brand, 738 S.W.2d 186 (Tenn 1987) to support this proposition. In Stinson the court held that attorneys, as well as land surveyors, accountants, or title companies who negligently supply false information for the guidance of others in their business transactions may be liable in negligence to those individuals. Id. at 190.

This Court does not agree that Stinson is applicable in this case. The Court in Stinson was dealing with a real estate situation and noted that the relationship between an attorney and the parties to a real estate transaction is often complex and delicate. Id. at 191. In the Stinson case, the attorney was hired to represent the purchaser in a real estate transaction and was later sued by the sellers in the transaction who were not represented by independent counsel. The court further noted that the attorneys so far involved themselves in the transaction that the trier of fact could find they were representing multiple interests, not just the purchaser. Id. at 190.

This court also finds unpersuasive Appellant's argument that breach of a duty imposed by the Code of Professional Responsibility is sufficient to satisfy the duty requirement for a negligence cause of action. The Code of Professional Responsibility does not create a private cause of action for damages. Lazy Seven Coal Sales v. Stone & Hinds, 813 S.W.2d 400, 405 (Tenn. 1991). The purpose of the code is to state when a lawyer will be subject to disciplinary action, not to define standards whereby a lawyer may be civilly liable, and conduct that violates the Code may not breach duty to client. Id. at 404.

A guardian ad litem is appointed to represent the best interest of the child. The guardian ad litem statute found at Tenn. Code Ann. §34-11-106(d)(1), while not applicable to the situation at hand, states that the guardian ad litem owes a duty to the court and to the best interests of the child. This Court can find no authority which holds that the guardian ad litem has any duty to the parents of the minor child. The general rule is that an attorney is not liable in negligence to third parties who are not clients and are not in

9

privity of contract with the attorney. <u>Stinson</u> at 190. For the foregoing reasons, this Court holds that the guardian ad litem owes no duty to the parents of the child whom she is appointed to represent. The trial court did not err finding Appellant's allegations were insufficient to state a  claim for negligence against Appellee.

## VI. Absolute Quasi-Judicial Immunity

Appellee asserts she is entitled to absolute quasi-judicial immunity from suit for the state law causes of action. The doctrine of absolute judicial immunity, which first arose under the common law, has been extended to persons other than judges, performing judicial or quasi-judicial functions. <u>Miller v. Niblack</u>, 942 S.W.2d 533, 537 (Tenn. App. 1996). Courts have expanded the doctrine of absolute judicial immunity to include these "quasi-judicial" officers because they are involved in an integral part of the judicial process and thus must be able to act freely without the threat of a lawsuit. <u>Id</u>. When acting at the judge's direction, these "quasi-judicial" officers enjoy the same absolute immunity for their conduct. <u>Id</u>.

Most jurisdictions have held that common law immunity protects persons appointed by the court to conduct a medical or psychiatric evaluation and render an opinion or to provide other expert assistance because of their integral relation to the judicial process. <u>Id</u>. (citations omitted). These courts recognized that these persons would be reluctant to accept court appointment if they opened themselves to liability for their actions in this capacity. <u>Id</u>. Also, human nature indicates that court-appointed experts, faced with the threat of personal liability, will be less likely to offer the disinterested objective opinion that the court seeks. <u>Id</u>. (citing <u>LaLonde v. Eissner</u>, 539 N.E.2d 538, 540-41 (1989)). This same rationale has been applied in cases in which the courts have extended the protection of absolute immunity to guardians ad litem. <u>See</u> <u>Kurzawa v. Mueller</u>, 732 F.2d at 1459; and discussion of §1983 immunity <u>supra</u>.

Appellant argues that Appellee is only entitled to qualified ("good faith") immunity pursuant to Tenn. Code Ann. §37-1-149. However, we find that statute is not applicable to a guardian ad litem appointed to represent the best interests of a child in a divorce/custody proceeding. Tenn. Code Ann. §37-1-149 provides as follows:

> **37-1-149. Guardian ad litem - Special advocate - Appointment.-**
> (a) The court at any stage of a *proceeding under this part*, on application of a party or on its own motion, shall appoint a

10

> guardian ad litem *for a child who is a party to the proceeding* if such a child has no parent, guardian or custodian appearing on such child's behalf or such parent's, guardian's or custodian's interests conflict with the child's or in any other case in which the interests of the child require a guardian. The court, in any proceeding under this part resulting from a report of harm or an investigation report under §§37-1-401 - 37-1-411, shall appoint a guardian ad litem for the child who was the subject of the report. A party to the proceeding or the party's employee or representative shall not be appointed.
>
> (b)(3) Any guardian ad litem or special advocate *so appointed by the court* shall be presumed to be acting in good faith and in so doing shall be immune from any liability that might otherwise be incurred while acting *within the scope of such appointment.* (emphasis added).

This statute covers a guardian ad litem appointed for a child who is a party in a juvenile proceeding. The minor child in the case at hand was not a party to the underlying divorce/custody proceeding. In fact, making a minor child a party in a such a proceeding is clearly improper. Allison v. Allison, 638 S.W.2d 394, 396 (Tenn. Ct. App. 1982). Tenn. Code Ann. §37-1-149 is not applicable to the facts of this case. Appellant is incorrect in his assertion that Appellee was entitled to only qualified immunity based upon this statute. The trial court, which held that Appellee, as guardian ad litem, was "immune from suit" pursuant to same statute was also incorrect.

The Tennessee Legislature has recently enacted a statute, effective January 1, 1999, which codifies the appointment of a guardian ad litem in divorce proceedings. The statute does not address the issue of immunity, unlike the guardian ad litem statute found in Title 37 of the Code (Juveniles). If the legislature wished to limit the immunity of guardians ad litem in the domestic relations setting, they could have done so in the statute, and of course, they are still free to do so.

In the absence of a statute specifically addressing the immunity of a guardian ad litem in the domestic relations arena, this Court is left with the common law. Tennessee has extended the doctrine of absolute judicial immunity to persons performing judicial or quasi-judicial functions because such persons are involved in an integral part of the judicial process and thus must be able to act freely without the threat of a lawsuit. Our courts have recognized that court-appointed experts, faced with the threat of personal liability, will be less likely to offer the disinterested objective opinion that the court seeks. Other courts have relied upon this same rationale in extending absolute judicial immunity to guardians ad litem.

Courts rely upon the guardian ad litem to provide an objective opinion, unbiased by

11

the interests of the parties. A guardian ad litem must be able to act freely without the cloud of a potential lawsuit hanging over his or her head. For all the reasons set forth above, quasi-judicial immunity should be extended to guardians ad litem in the domestic relations arena. The trial court was correct in concluding that Appellee, as guardian ad litem, was immune from suit as to the state law causes of action, although incorrect in attributing such immunity to Tenn. Code Ann. §37-1-149.

## VII. Other State Law Causes of Action

On appeal, Appellant contends that dismissal was improper in that the facts, as stated in the Complaint, also support a cause of action for outrageous conduct, as well as other intentional torts under Tennessee law. The only intentional torts raised by Appellant in the Complaint were for defamation and fraud. The trial court found that the allegedly defamatory statements were not actionable inasmuch as the report of the guardian ad litem was made in the course of judicial proceedings in which the report was relevant and pertinent. The trial court noted that Plaintiff (Appellant) appeared to have abandoned his allegations of fraud, but proceeded to evaluate the fraud claim and found the allegations of fraud were conclusory and did not satisfy the requirements of Rule 9.02 of the Tennessee Rules of Civil Procedure.

Appellant did not address either one of these issues in his brief to this Court. Based upon that fact, and our holding above that Appellee, as guardian ad litem, was immune from suit as to the state law causes of action, this Court sees no reason to address these issues.

## VIII. Conclusion

Appellee has asked us to declare that this appeal is frivolous and award damages pursuant to Tenn. Code Ann. § 27-1-122. While several of the issues raised by Appellant are devoid of merit, the issue of guardian ad litem immunity under state law was a valid issue that does not appear to have been previously addressed on facts similar to those presented in this case. Accordingly, we decline to award Appellee damages for a frivolous appeal.

For all the foregoing reasons, we hereby affirm the trial court's Dismissal of

Appellants Complaint for Failure to State a Claim pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. Costs of this appeal are taxed to Appellant, for which execution may issue if necessary.


_____
HIGHERS, J.


CONCUR:


_____
FARMER, J.


_____
LILLARD, J.


13