# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS JULY 28, 2000

## JEFFREY LEE HARRIS v. PERCY PITZER, ET AL.

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9199; The Honorable Jon Kerry Blackwood, Judge**

---

**No. W2000-00187-COA-R3-CV - Filed November 20, 2000**

---

This case involves the incarceration of the Appellant in the state of Tennessee pursuant to a contract between the Wisconsin Department of Corrections and Corrections Corporation of America. The Appellant filed a Petition for Habeas Corpus Relief in the Circuit Court of Hardeman County. The trial court entered an order granting the Appellee's Motion to Dismiss for failure to state a claim upon which relief could be granted.

The Appellant appeals from the dismissal of his Petition filed in the Circuit Court of Hardeman County. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Jeffrey Lee Harris, *pro se*

Tom Anderson, for Appellee

### OPINION

#### I. Facts and Procedural History

On May 4, 1978, the Appellant, Jeffrey Lee Harris ("Mr. Harris"), was convicted in the state of Wisconsin of attempted armed robbery, party to a crime, and first degree murder, party to a crime. The court committed Mr. Harris to the Wisconsin state prison system to serve his sentence. On July 28, 1998, the Appellant was transferred to Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee to serve his sentence. The transfer was pursuant to a contract between the Wisconsin Department of Corrections ("WDOC") and Corrections Corporation of America ("CCA"), which owns and operates WCF.

Mr. Harris filed a Petition for Habeas Corpus Relief naming Percy Pitzer ("Mr. Pitzer"), the warden at WCF, as the defendant. Mr. Harris alleged that his incarceration at WCF was unlawful

as it violated the United States Constitution, Wisconsin statutes, and state and federal extradition laws. He claimed that he was illegally taken from Wisconsin and unlawfully detained at WCF because (1) the WDOC did not have the authority to transfer him to another state and (2) WCF owned by CCA did not have the authority to incarcerate him. Mr. Harris also argued that neither the state of Wisconsin nor the WDOC have constitutional authority to waive or to transfer its sovereign jurisdiction and custodial authority over him to the CCA. Mr. Pitzer filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. The Circuit Court of Hardeman County granted Mr. Pitzer's Motion to Dismiss. This appeal followed.

## II. Standard of Review

This case is on appeal from the trial court's dismissal of Mr. Harris' Petition for failure to state a claim upon which relief can be granted. See Tenn. R. Civ. P. 12.02(6). A Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the sufficiency of the complaint, not the strength of the plaintiff's evidence. See Doe v. Sundquist, 2 S.W.3d 919, 922 (Tenn. 1999). The motion admits the truth of all relevant and material averments in the complaint but asserts that such facts are insufficient to state a claim as a matter of law. See Winchester v. Little, 996 S.W.2d 818, 821 (Tenn. Ct. App. 1998).

In scrutinizing the complaint in the face of a Rule 12.02(6) motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. See Stein v. Davidson Hotel, 945 S.W.2d 714, 716 (Tenn. 1997); Riggs v. Burson, 941 S.W.2d 44, 47 (Tenn. 1997). The motion should be denied "unless it appears that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." Stein, 945 S.W.2d at 716. As the allegations of fact are taken as true, the issues raised on motion to dismiss are questions of law and the scope of review is de novo with no presumption of correctness. See Tenn. R. App. P. 13(d).

## III. Law and Analysis

Mr. Harris brings numerous issues for review before this court. The only issue we find dispositive is whether the trial court erred in dismissing Mr. Harris' Petition for Habeas Corpus Relief. We must first determine whether the defects Mr. Harris assert may be challenged in a habeas corpus proceeding. The right to habeas corpus relief is guaranteed in Article I, Section 15 of the Tennessee Constitution. Such relief, however, is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn.1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868)).

A petitioner for habeas corpus relief bears the burden of demonstrating that his conviction is void or that his term of confinement has expired. See Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Mr. Harris has shown neither that the judgment convicting him is void

nor that his term of confinement has expired, and as such, he has failed to meet his burden in this case. As Mr. Harris' Petition failed to state a claim which would entitle him to habeas corpus relief, the trial court was correct in its dismissal of the Petition. See id. (citing Tenn. Code Ann. § 29-21-109).

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellant, Jeffrey Lee Harris, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE