# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### JANUARY 23, 2002 Session

# JOHN ASBURY, ET AL. v. LAGONIA-SHERMAN, LLC, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-001369-00; The Honorable D'Army Bailey, Judge**

---

**No. W2001-01821-COA-R3-CV - Filed October 15, 2002**

---

## DISSENTING OPINION

I must respectfully dissent.

The majority in this case has struggled heroically to establish what the record does not support, namely, that the trial judge decided this case on summary judgment rather than on a dismissal for failure to state a claim.

The order of the trial court is quite clear and explicit. It states:

### ORDER OF DISMISSAL WITH PREJUDICE

This matter came on for hearing before the Honorable D'Army Bailey, Judge of Division 8 of the Circuit Court of Shelby County, Tennessee, for the Thirtieth Judicial District of Memphis, on the 15th day of June, 2001 on the Defendants' Motion to Dismiss or, In the Alternative, for Summary Judgment pursuant to Rules 12.02(6) and 56, respectively, of the Tennessee Rules of Civil Procedure. It appearing to the Court that the Plaintiffs have failed to state a cause of action for which relief may be granted,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this case is dismissed with prejudice and all costs of this action are taxed to the Plaintiff for which execution may issue if necessary.

ENTERED THIS __6__ Day of __July__, 2001.

/s/_____
Honorable D'Army Bailey

The trial judge noted that the motion was for dismissal pursuant to Rule 12.02(6) or, in the alternative, for summary judgment pursuant to Rule 56, after which the court clearly stated: "It appearing to the Court that the Plaintiffs have *failed to state a cause of action* for which relief may be granted..." (emphasis supplied). This is the language of Rule 12, not Rule 56.

The majority relies on the language of Rule 12.02 which states, in pertinent part: "If...matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56..." It is true that extraneous matters were filed herein because the motion was framed in the alternative *either* as a motion to dismiss or as a motion for summary judgment, but there is not a scintilla of proof that the trial judge considered such matters in making his ruling or that he was confused or mistaken about the basis for his ruling.

It is correctly noted by the majority that the trial court "need not *expressly* state that it has chosen to exclude such matters filed with the motion," but "there must be some indicia that the trial court in fact excluded the additional information." One wonders how this could have been more plainly done by the trial court short of an express exclusion. The order bore the caption: "ORDER OF DISMISSAL WITH PREJUDICE." The first sentence declared: "This matter came on for hearing...on the Defendants' Motion..." It did *not* say, "This matter came on for hearing on the Defendants' Motion, depositions and affidavits filed herein, and the entire record in the cause." That omission is significant. This case falls squarely with this Court's opinion in <u>Winchester v. Little</u>, 996 S.W.2d 818, 821 (Tenn. Ct. App. 1998), in which we stated:

> The trial court's order is couched in terms of a dismissal rather than summary judgment. The trial judge states that his opinion is based upon the pleadings and argument of Plaintiff and counsel for Defendant. *No mention is made of consideration of any matters outside the pleadings.* (emphasis supplied).

Likewise, in the present case, (1) the trial judge couched his ruling in terms of a dismissal, and (2) no mention is made of consideration of any matters outside the pleadings. This certainly indicates that outside matters were "excluded" by the trial court.

In <u>Pendleton v. Mills</u>, 73 S.W. 3d 115, the trial court specifically considered the motion "on the pleadings and other materials submitted." In <u>Ali-Al-Fatlawy v. John Doe</u>, CA, MS, filed March 29, 2000, plaintiff relied "on the affidavit of Officer James Bledsoe." Judge Susano says "the trial court considered it," and the motion became one for summary judgment. In <u>Pass v. Shelby Aviation</u>, CA, WS, filed April 13, 2000, Judge Lillard correctly points out that the motion to dismiss was predicated not just on the pleadings but on the "entire record in the cause," and therefore became a summary judgment motion. In <u>Jordan v. Campbell</u>, CA, MS, filed November 10, 1999, we found the motion to be one for summary judgment "because the trial court considered material outside of the pleadings."

2

I agree that in most cases where extraneous matters are filed, we have found the motion was converted from a Rule 12 to a Rule 56. But I do not find any of the factors that are cited in the above cases to be present in this case. Bear in mind there is no transcript in this case. The trial court's order is the only document in the record stating what he considered. The trial judge knew the motion was for a Rule 12.02 (6) dismissal or, in the alternative, for summary judgment. He cites this in his order. Yet, he purposely elected to dismiss for failure to "state a cause of action." Further, his order nowhere reflects that he considered matters outside the pleadings, but rather it particularly limits the scope of his consideration to the "Defendants' Motion." I think this is sufficient to indicate that all other matters outside the pleadings were excluded from consideration.

The importance of this issue is that different standards of review apply to Rule 12 and Rule 56. The parties are entitled to a review of their case based upon the type of order entered by the trial court. A Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief may be granted tests only the sufficiency of the complaint, not the strength of plaintiff's evidence. See Doe v. Sundquist, 2 S.W.3d 919, 922 (Tenn. 1999). The motion admits the truth of all relevant and material averments in the complaint but asserts that such facts are insufficient to state a claim as a matter of law. See Winchester v. Little, 996 S.W.2d 818, 821 (Tenn. Ct. App. 1998). On the other hand, a motion for summary judgment goes directly to the merits of the litigation. See Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993). This decision has the effect of transforming the role of this Court from a court of review to a court of original jurisdiction. When the appellate court considers documents never mentioned or contemplated by the trial court, and renders a decision it apparently feels the trial court *should have made*, it ceases to be a court of review.

The plaintiffs have been caught in the crosshair between two courts. The trial court has dismissed their complaint for failure to state a cause of action, and this Court has granted summary judgment for the defendants. I would treat their case as the trial court did, namely, as a dismissal for failure to state a cause of action, and upon review apply the standard applicable to such cases.

_____
ALAN E. HIGHERS, JUDGE

3