IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 30, 2002

# RANDY HENSLEY v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 01-1965-III       Ellen Hobbs Lyle, Chancellor**

---

**No. M2001-02343-COA-R3-CV - Filed March 4, 2003**

---

WILLIAM C. KOCH, JR., J., concurring in part and dissenting in part.

I concur in affirming the dismissal of Mr. Hensley's certiorari petition in this case. I disagree, however, with the court's footnoted conclusion that Mr. Hensley has not raised the issue of whether he was deprived of property without due process of law.

## I.

The trial court resolved this case by granting the Department of Correction's Tenn. R. Civ. P. 12.02(6) motion. This motion tests the legal sufficiency of the petitioner's complaint. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). It requires the courts to look at a complaint's substance rather than its form, *Kaylor v. Bradley*, 912 S.W.2d 728, 731 (Tenn. Ct. App. 1995), and to determine whether the complaint contains a short and plain statement showing that the pleader is entitled to relief. Tenn. R. Civ. P. 8.01. We particularly look past matters of form when reviewing the pleadings of pro se litigants. *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998).

Mr. Hensley alleges that the prison disciplinary board failed to accord him due process of law. Specifically, he alleges that he was convicted of testing positive for marijuana use based on a faulty drug screening procedure. According to Mr. Hensley, the corrections officer who took his urine sample mishandled it and allowed it to become confused with another prisoner's urine sample. He also alleges that the board (1) placed him in punitive segregation, (2) ordered him to pay a $22.00 drug test fee, and (3) fined him $4.00. The drug testing fee and the fine implicated a property interest sufficient to sustain a due process challenge to the disciplinary procedure. *Jeffries v. Tennessee Dep't of Corr.*, No. M2001-02300-COA-R3-CV, 2002 WL 31890879, at *6 (Tenn. Ct. App. Dec. 31, 2002) *perm. app. filed* (Tenn. Jan. 30, 2003).

Prisoners state a due process claim by alleging that a prison disciplinary board imposed monetary sanctions on them as the result of a proceeding that failed "to proceed according to the essential requirements of the law." *Hedges v. Tennessee Dep't of Corr.*, No. M2002-00140-COA-

R3-CV, 2002 WL 31890869, at *6 (Tenn. Ct. App. Dec. 31, 2002) (Cottrell, J., concurring). Convicting a prisoner for drug use based on another prisoner's blood or urine sample would clearly amount to a failure to proceed according to the essential requirements of the law. Because this is exactly what Mr. Hensley alleged happened, I find that he has stated a claim for deprivation of property without due process of law.

## II.

Concluding that Mr. Henley's petition states a claim for which relief can be granted does not end the matter. When the Department moved to dismiss his petition, Mr. Hensley responded by filing selected portions of the record of the disciplinary hearing, along with copies of the Department's procedural rules and regulations governing inmate testing for drugs and alcohol. The record fails to reflect whether the trial court considered or disregarded these materials. Had the trial court considered these materials, the Department's motion to dismiss should have been converted to a motion for summary judgment. *Wilson v. Sentence Info. Servs.*, No. M1998-00939-COA-R3-CV, 2001 WL 422966, *4 (Tenn. Ct. App. Apr. 26, 2001) (No Tenn. R. App. P. 11 application filed).

The Department's internal policies contain detailed instructions regarding the collection and handling of urine samples. They state that the failure of the Department or an affiliated private contractor to follow these procedures "shall not constitute a reason for the dismissal of test results." Tenn. Dep't Corr. Policy No. 506.21(VI)(D)(14) (2000). Thus, while prisoners may challenge the evidentiary weight of the test results of a mishandled urine sample, the disciplinary board ultimately has the prerogative to consider the test results for whatever they may be worth.

The materials Mr. Hensley submitted to the trial court show that the disciplinary board allowed Mr. Hensley, through his inmate advisor, to challenge the result of his urinalysis by questioning the corrections officers who conducted the test and handled the sample. The board evidently decided to put confidence in the lab report. Thus, Mr. Hensley's argument, reduced to its essence, is that the board erred by accrediting the officer's testimony regarding the urine sample. This argument is nothing more than a challenge to the intrinsic correctness of the board's decision which is not the sort of relief a common-law writ of certiorari can provide. *Arnold v. Tennessee Bd. of Paroles*, 956 S.W.2d 478, 480 (Tenn. 1997); *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994).

I would affirm the trial court's dismissal of Mr. Hensley's petition on this basis.

_____
WILLIAM C. KOCH, JR., JUDGE