IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 17, 2007

**JAMES POLK v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Maury County**
**No. 9417    Jim T. Hamilton, Judge**

_____

**No. M2006-02487-CCA-R3-PC - Filed December 3, 2007**

_____

Petitioner, James Polk, appeals from the dismissal of a petition for post-conviction relief. Because Petitioner has presented this Court an inadequate brief and has improperly attempted to seek post-conviction relief in a case for the second time, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

James Polk, Pro Se, Pikeville, Tennessee 37367.

Robert E. Cooper, Jr., Attorney General & Reporter; David H. Findley, Assistant Attorney General; Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

_Factual Background_

The lengthy factual background of Petitioner's case is important to our analysis of the issue on appeal. In 1994, Petitioner was convicted of several robberies in Maury County. First, in March of 1994, Petitioner was convicted of the aggravated robbery of a Big Lots store ("Big Lots robbery") and sentenced to twelve years in the Tennessee Department of Correction. This Court affirmed Petitioner's conviction on direct appeal. _State v. James Polk_, No. 01C01-9407-CC-00257, 1995 WL 382616, at *4 (Tenn. Crim. App., at Nashville, June 28, 1995), _perm. app. denied_, (Tenn. Nov. 27, 1995). In August of 1996, Petitioner filed a petition for post-conviction relief. Counsel was appointed and an amended petition was filed in 2001. A hearing was held on the petition on

September 12, 2002. The post-conviction court dismissed the petition. Petitioner appealed, and this Court affirmed the dismissal of the post-conviction petition with respect to the Big Lots robbery. *James E. Polk v. State*, No. M2002-02430-CCA-R3-PC, 2003 WL 22243392, at *6 (Tenn. Crim. App., at Nashville, Sept. 30, 2003).

In May of 1994, Petitioner was convicted of the aggravated robbery of the Four Sixes Liquor store ("Liquor Store robbery"), involving a victim named Jack Lightfoot, and again received a twelve-year sentence. *State v. James Polk*, No. 01C01-9410-CC-00369, 1995 WL 687696, at *2 (Tenn. Crim. App., at Nashville, Nov. 21, 1995). This Court affirmed Petitioner's conviction on appeal. *Id.* at *3. Petitioner subsequently filed a petition for post-conviction relief on January 31, 1996, alleging that he received ineffective assistance of counsel during the trial of the Liquor Store robbery. The post-conviction court held a hearing on the petition and summarily denied the petition. Petitioner appealed, and this Court affirmed the post-conviction court's dismissal of the petition for post-conviction relief. *James Polk v. State*, No. 01C01-9709-CC-00391, 1998 WL 321930, at *2 (Tenn. Crim. App., at Nashville, Jun. 19, 1998).

In March of 1996, Petitioner filed a third petition for post-conviction relief. This third petition is word-for-word identical to the petition for post-conviction relief filed on January 31, 1996, in the Liquor Store robbery case. In May of 1996, the State filed a motion to dismiss the petition because it was identical to the already-pending petition filed January 31, 1996. The technical record before this Court on appeal contains no entries between May of 1996 and October 31, 2006, when the post-conviction court entered an order dismissing the petition. According to the order, the post-conviction court determined:

> The Petitioner has filed numerous Petitions for Post Conviction Relief since his convictions in 1996. Each petition is verbatim as to it [sic] the grounds. A hearing was held on the 12th day of September 2002, to address the Petitions for Post-Conviction Relief in cases 9417 [the third petition filed in March of 1996 relating to the Liquor Store robbery] and 9578 [the petition filed in August of 1996 relating to the Big Lots robbery]. It is apparent by means of clerical error the case number 9417 was not included on the face of the Order filed September 25, 2002[,] only case number 9587.

> It is therefore Ordered, Adjudged and Decreed that the Petition for Post-Conviction Relief in case 9417 be dismissed.

The transcript of the 2002 hearing on the petition for post-conviction relief is included in the record on appeal. It contains testimony relating to post-conviction issues with respect to the Big Lots robbery only. The testimony in the transcript makes no mention of the Liquor Store robbery or corresponding petition for post-conviction relief.

Petitioner filed a pro se notice of appeal on November 13, 2006, appealing from the October 31, 2006 dismissal of the petition for post-conviction relief.

*Analysis*

On appeal, Petitioner argues that the post-conviction court erred in dismissing his petition for post-conviction relief without a hearing and "by not ruling on the issues in the post-conviction [petition]." Specifically, Petitioner points out that the post-conviction hearing held in September of 2002 was "a different case and different issues" and "the transcript and the technical record filed by the State are 2 different cases that have nothing to do with the other." Petitioner urges this Court to "set aside the instant conviction" or "remand this matter to the trial court for a new trial." The State contends that the issues in the post-conviction petition have either been previously determined or waived for failure to raise them at the proper time. In the alternative, the State argues that Petitioner has not shown proper grounds to re-open his post-conviction petition relating to the Liquor Store robbery.

Petitioner's request for post-conviction relief is governed by the Post-Conviction Procedure Act of 1995. *See* T.C.A. § 40-30-101. In order to obtain post-conviction relief, a petitioner must allege that his conviction or sentence is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. If granted an evidentiary hearing, the petitioner has the burden of proving the allegations by clear and convincing evidence. T.C.A. § 40-30-210(f). The post-conviction judge's findings of fact and conclusions of law in a post-conviction proceeding are afforded the weight of a jury verdict. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Consequently, this Court is bound by the post-conviction court's findings of fact unless we conclude that the evidence preponderates against the judgment entered by the post-conviction court. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999).

This standard of review, however, is conditioned upon the ability of this Court to meaningfully review the issues presented on appeal. That being said, we are cognizant of the fact that Petitioner filed his petition as a pro se litigant, and he also pursues the present appeal in the same manner. As such, we are mindful of the following:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many *pro se* litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the *pro se* litigant's adversary. Thus, the courts *must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).
>
> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. *Whitaker v. Whirlpool Corp.*, 32

S.W.3d at 227; *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d at 397. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9-10, 101 S.Ct. 173, 176, 66 L.Ed. 2d 163 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (emphasis added).

Taking those guidelines into account, we must first address the content of the record on appeal. Petitioner filed a pro se brief with this Court, the contents of which, in its entirety, include an "Introduction," a "Statement of the Issue Presented for Review," a copy of the post-conviction petition and order denying that petition and a "Conclusion." There are specific requirements regarding the record on appeal and the content of briefs to the appellate courts. *Se, generally* Tenn. R. App. P. 24-30. Furthermore, this Court's rules provide that inadequate briefs may be stricken with the imposition of costs to the party responsible for the filing of a brief that does not comply with the Tennessee Rules of Appellate Procedure. Tenn. Ct. Crim. App. R. 10(a). Similarly, the same rule allows this Court to treat as waived any issues that "are not supported by argument, citation to authorities, or appropriate references to the record." Tenn Ct. Crim. App. R. 10(b). Petitioner's brief is entirely deficient in this regard. It contains no argument, citation to authorities, or appropriate references to the record as required by Rule 10(b) of the Rules of the Court of Criminal Appeals. While this Court has often given pro se litigants more leeway in complying with procedural rules, we cannot bend the rules until they break. Consequently, we could choose to treat Petitioner's issue as waived solely on the state of the record and Petitioner's brief.

However, despite the obvious deficiencies in Petitioner's brief, there are several reasons that support the post-conviction court's dismissal of the petition. The Post-Conviction Procedure Act specifically provides that "[i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c). Since this is Petitioner's second identical petition for post-conviction relief relating to his conviction for the Liquor Store robbery, it is procedurally barred.

Moreover, the March 1996 petition at issue herein does not allege any of the grounds that would permit Petitioner to reopen the January 1996 petition for post-conviction relief. *See* T.C.A. § 40-30-117. In fact, at the time the petition herein was filed, the January 1996 petition was still pending in the post-conviction court so it would be theoretically impossible to be considered as a motion to reopen the petition. Further, the record does not reflect that the trial court treated the March 1996 petition as a motion to reopen the January 1996 petition. The record reflects that the trial court, due to a clerical error, omitted the dismissal of the petition herein from the order denying post-conviction relief in the Big Lots robbery. Accordingly, we determine that because this is the second petition for relief dealing with the Liquor Store robbery and the petition cannot be treated as

a petition to reopen a prior petition for post-conviction relief, the post-conviction court's dismissal of the petition should be affirmed.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____

JERRY L. SMITH, JUDGE