IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2008

**BEN BLEVINS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Hawkins County**
**Nos. 07-CR-224, 07-CR-273, 06-CR-227 & 06-CR-232-235     John F. Dugger, Jr., Judge**

---

**No. E2007-02746-CCA-R3-CD - Filed January 15, 2009**

---

Appellant, Ben Blevins, pled guilty to eight counts of passing worthless checks, four counts of forgery, and five counts of attempted money laundering. According to the plea agreement, Appellant's effective sentence was three years, the manner of service to be determined by the trial court after a sentencing hearing. The trial court denied alternative sentencing based on Appellant's prior criminal history, inability to pay existing restitution, failure to abide by terms of prior probation, behavior of continually reoffending and in order to deter similar behavior. The trial court ordered the sentence served in incarceration. Appellant appeals, pro se, arguing that he should have been granted some form of alternative sentencing. We determine that the trial court properly denied alternative sentencing. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J. and DAVID H. WELLES, J., joined.

Herb Holcomb, Rogersville, Tennessee, at trial, and Ben Blevins, Pro Se, on appeal, Rogersville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; C. Berkeley Bell, District Attorney General and Alex Pearson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Appellant was indicted in August of 2007 by the Hawkins County Grand Jury in a multi-count indictment and a presentment in seven separate cases for a total of eight counts of passing worthless checks, four counts of forgery, and five counts of money laundering. In October of 2007, Appellant pled guilty to eight counts of passing worthless checks, four counts of forgery, and five

counts of attempted money laundering in exchange for a total effective sentence of three years.[1] The trial court was scheduled to determine the manner of service of the sentence after a sentencing hearing.

At the sentencing hearing, Appellant admitted that he had prior convictions for forgery, breaking and entering, larceny, possession of stolen property, obtaining property by false pretenses, and a violation of probation. Appellant claimed he did not recall telling the investigating officer who prepared the report that he did not have a prior criminal history but admitted that the following language appears on the pre-sentence report, "[a]t the time the questionnaire was obtained, [Appellant] reported he had no prior adult record." Appellant also denied knowledge regarding arrest warrants that were issued by North Carolina because he had absconded from probation until his Tennessee attorney had told him about them.

Appellant admitted his guilt and explained that he passed a worthless check on a business account that was jointly owned and operated by him and his parents. Appellant stated that the checks totaled $11,700.[2]

Three months prior to the hearing, Appellant and his girlfriend started a restaurant consulting business. At the hearing, Appellant admitted that he did not have a consistent income. Appellant also informed the trial court that he was responsible for paying $500 a month in child support for his daughter and was also trying to support his girlfriend and her child.

The trial court listened to the evidence and reviewed the factors to consider when granting or denying an alternative sentence. At the conclusion of the hearing, the trial court noted, "[Appellant's] prior history is all offenses that are basically the same type of dishonesty offenses of forgery and worthless checks and his conviction [in North Carolina] is false pretenses. It's all crimes involving dishonesty. . . ." The trial court found it noteworthy that even though Appellant was making nearly $70,000 a year he had failed to pay the restitution he owed in North Carolina. The trial court felt that Appellant had the "ability" to be rehabilitated but found that Appellant would not be able to abide by the terms of probation because measures less restrictive had been applied unsuccessfully to Appellant. The trial court thought there was a "possibility" that "the interest in society is being protected from possible future criminal conduct" of Appellant. The trial court concluded that full probation would depreciate the seriousness of the offense, partially because of the number and nature of Appellant's previous convictions. Lastly, the trial court noted that confinement of Appellant would be suited to "provide an effective deterrent to others likely to commit similar offenses" because of the number of cases involving "forgeries and thefts and dishonesty" in "the Courts." As a result, the trial court denied alternative sentencing.

Appellant filed a timely notice of appeal.

---

[1]The record does not contain a transcript of the guilty plea hearing.

[2]Appellant's attorney stated at the hearing that the total amount of restitution equaled $14,191.04.

*Analysis*

On appeal, Appellant argues that the trial court erred by denying alternative sentencing "even after [Appellant] provided witnesses and proof of an upstanding lifestyle." The State argues that Appellant has waived the issue for failure to comply with Tennessee Court of Criminal Appeals Rule 10. Further, the State notes correctly that the record fails to contain the transcript from the guilty plea hearing and that the failure to provide an adequate record prevents this Court from conducting a de novo review. Finally, the State argues in the alternative that the trial court properly denied alternative sentencing.

"When reviewing sentencing issues . . . the appellate court shall conduct a de novo review on the record of such issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. T.C.A. §§ 40-35-103(5), -210(b); *Ashby*, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of showing that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

This standard of review, however, is conditioned upon the ability of this Court to meaningfully review the issues presented on appeal. That being said, we are cognizant of the fact that Appellant pursues the present appeal as a pro se litigant. As such, we are mindful of the following:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts *must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d at 227; *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d at 397.

> Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (emphasis added).

Taking those guidelines into account, we must first address the content of the record on appeal. Appellant filed a pro se brief with this Court, the contents of which, in its entirety, include a "Statement of the Case," a "Statement of Facts," a "Statement of the Issue Presented for Review," an eight sentence argument section with no citations to the record or to authority, and a "Conclusion." There are specific requirements regarding the record on appeal and the content of briefs to the appellate courts. *See generally* Tenn. R. App. P. 24-30. Furthermore, this Court's rules provide that inadequate briefs may be stricken with the imposition of costs to the party responsible for the filing of a brief that does not comply with the Tennessee Rules of Appellate Procedure. Tenn. Ct. Crim. App. R. 10(a). Similarly, the same rule allows this Court to treat as waived any issues that "are not supported by argument, citation to authorities, or appropriate references to the record." Tenn Ct. Crim. App. R. 10(b). Appellant's brief is deficient in this regard. It contains no real argument, citation to authorities, or appropriate references to the record as required by Rule 10(b) of the Rules of the Court of Criminal Appeals.

Furthermore, there is a complete absence of the transcript of the guilty plea hearing in the record on appeal. This deficiency is, in our view, dispositive of Appellant's issue. It is the duty of Appellant to include a complete record on appeal. *See State v. Troutman*, 979 S.W.2d 271 (Tenn. 1998) (holding that failure to include trial transcript on appeal waived challenge to sentence); *State v. Ballard*, 855 S.W.2d 557 (1993) (holding failure to include transcript precludes appellate review); *State v. Oody*, 823 S.W.2d 554 (Tenn. Crim. App. 1991) (holding trial court's ruling presumed correct in absence of an adequate record on appeal). Notwithstanding the waiver, the record before us supports Appellant's sentence. The presentence report indicates that Appellant has a lengthy criminal history. Appellant's criminal history begins with a conviction in 1996, when he was twenty-one years old. Appellant clearly has a history of various kinds of crimes involving dishonesty as evidenced by two convictions for uttering a forged instrument, one conviction for obtaining property by false pretenses, one conviction for breaking and entering, one conviction for possession of stolen goods, one conviction for larceny, one conviction for forgery, and one conviction for passing a worthless check, all from the State of North Carolina. In addition to this lengthy criminal history, the record indicates that Appellant had been placed on supervised probation by the State of North Carolina and continued to reoffend even after being given the opportunity to complete an alternative sentence. Appellant has been given at least three chances on probation by the State of North Carolina. In other words, measures less restrictive have been applied unsuccessfully to Appellant in the past. These factors alone support the trial court sentence. *See* T.C.A. 40-35-103. We conclude that the trial court's denial of alternative sentencing is supported by the record.

*Conclusion*

-4-

For the foregoing reasons, we affirm the judgments of the trial court.


_____
JERRY L. SMITH, JUDGE