IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 2, 2020

**TRACY ROBINSON V. CHESTER AULT**

**Appeal from the Circuit Court for Hamilton County**
**No. 18-C-947      Ward Jeffrey Hollingsworth, Judge**

_____

**No. E2019-00516-COA-R3-CV**

_____

A tenant evicted from her home filed a de novo appeal in circuit court from a general sessions judgment for back rent and dismissal of her counterclaim. The circuit court refused to hear any evidence from the pro se tenant as to her counterclaim based on a local court rule requiring litigants to submit a witness list and exhibits ten days prior to trial. Because of the absence of a transcript and the discretion of trial courts to apply local rules, this court must affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and CARMA DENNIS MCGEE, J., joined.

Tracy Robinson, Chattanooga, Tennessee, pro se.

Robert F. Parsley and Ian Christopher Quillen, Chattanooga, Tennessee, for the appellee, Estate of Chester Ault.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

Tracy Robinson leased residential property from Chester Ault in Chattanooga. On July 13, 2018, Mr. Ault sued Ms. Robinson in general sessions court for unpaid rent, damages, and attorney fees. Ms. Robinson filed a counterclaim for hotel fees, storage fees, pain and suffering, gas, food, and punitive damages. On August 20, 2018, the general sessions court entered judgment for Mr. Ault against Ms. Robinson in the amount of $3,956.55.

Ms. Robinson immediately filed a notice of appeal to the circuit court, where she proceeded pro se. At a hearing on December 12, 2018, Ms. Robinson did not appear. The trial court found that Ms. Robinson owed Mr. Ault $4,329.25 under the terms of the lease and that Ms. Robinson's countercomplaint was without merit. The court, therefore, entered judgment for Mr. Ault and dismissed Ms. Robinson's countercomplaint with prejudice.

On January 4, 2018, Ms. Robinson filed a motion to set aside the trial court's order from the December 12, 2018 hearing because she did not receive proper notice of the trial date. The trial court granted Ms. Robinson's motion, set aside the final order, and set a new hearing for February 20, 2019. Both parties appeared on that date, and Mr. Ault put on proof. Because the trial court determined that Ms. Robinson did not comply with Local Rule 8, it did not allow her to submit proof on her counterclaim. After hearing the evidence presented, the trial court determined that Ms. Robinson owed Mr. Ault $2,848.99 under the lease and that Ms. Robinson's countercomplaint should be dismissed. The court entered a final order in accordance with these findings on February 27, 2019.

Ms. Robinson filed a timely notice of appeal to this court.

ANALYSIS

We begin by noting that Ms. Robinson represented herself at trial and is representing herself on appeal. As a pro se litigant with no legal training, Ms. Robinson is "entitled to fair and equal treatment by the courts." *Young v. Barrow*, 130 S.W.3d 59, 62 (Tenn. Ct. App. 2003) (citing *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)). The following principles apply to pro se litigants:

> The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Young*, 130 S.W.3d at 62-63 (citations omitted); *see also Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct App. 2003). We grant pro se litigants "a certain amount of leeway" in the preparation of their appellate briefs. *See Hessmer*, 138 S.W.3d at 903 (citing *Whitaker*, 32 S.W.3d at 227; *Paehler*, 971 S.W.2d at 397). This means that courts "measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers." *Id.* at 903-04 (citing *Hughes v. Rowe*,

449 U.S. 5, 9-10 (1980); *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975); *Winchester v. Little*, 996 S.W.2d 818, 824 (Tenn. Ct. App. 1998)).

In her appeal, Robinson asks this court to overturn the trial court's decision because the judgment "was made without me being provided with the opportunity to present my case." The trial court declined to allow Ms. Robinson to present evidence on her counterclaim because she did not comply with a local court rule and then dismissed the counterclaim. A trial court's decision to dismiss a claim pursuant to a local rule is subject to review under an abuse of discretion standard. *See Metro. Gov't of Nashville & Davidson Cnty. v. Cuozzo*, No. M2007-01851-COA-R3-CV, 2008 WL 3914890, at \*2 (Tenn. Ct. App. Aug. 25, 2008). An abuse of discretion occurs when a court "'causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.'" *Harmon v. Hickman Cmty. Healthcare Servs., Inc.*, 594 S.W.3d 297, 305 (Tenn. 2020) (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citations omitted)).

Unfortunately, this court has no transcript or statement of the evidence to review from the hearing on February 20, 2019. Under Tenn. R. App. P. 24, it is the duty of the appellant "to prepare the record which conveys a fair, accurate, and complete account of what transpired in the trial court regarding the issues which form the basis of the appeal." *In re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005); *see also* TENN. R. APP. P. 24(b), (c). Thus, it is the appellant's responsibility to provide the court with a transcript or a statement of the evidence "from which we can determine whether the evidence preponderates for or against the findings of the trial court." *In re M.L.D.*, 182 S.W.3d at 894-95. Although Ms. Robinson states that she was unaware of the rules and procedures concerning the preparation of transcripts, "[p]ro se litigants are not excused from complying with the same substantive and procedural requirements that other represented parties must adhere to." *Whitaker*, 32 S.W.3d at 227; *see also Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009); *Hodges v. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000). "In the absence of a transcript or statement of the evidence, we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct." *In re M.L.D.*, 182 S.W.3d at 895.

In its February 27, 2019 order, the trial court "determined that [Ms. Robinson] did not comply with Local Rule 8,[1] and therefore [Ms. Robinson] could not submit proof on

---

[1] Rule 8.02(c) of the Eleventh Judicial District Chancery and Circuit Court Rules of Practice provides as follows:

> At least ten (10) business days before trial, each party shall file and serve by facsimile or by hand: [1)] a Witness List, including names, addresses, and, if known, telephone numbers of all witnesses, including rebuttal witnesses; and [2)] an Exhibit List, including rebuttal exhibits. Within five (5) business days of the receipt of an Exhibit List, the recipient shall file and, by facsimile or hand, serve any objections to authenticity of any exhibit or such objection shall be deemed waived. At least five (5) business days before trial, the

her Counter-Claim." Trial courts have clear authority to adopt local rules of practice to supplement the Tennessee Rules of Civil Procedure. TENN. S. CT. R. 18(a); Tenn. Code Ann. §§ 16-2-511, 16-3-407. Further, trial courts have "broad authority to control their dockets and the procedures in their courts." *Cuozzo*, 2008 WL 3914890, at *4. "Pro se parties are not excused from complying with the applicable substantive and procedural law." *Id.* at *5; *see also Hessmer*, 138 S.W.3d at 904; *Irvin v. City of Clarksville,* 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988).

In the absence of any evidence in support of Ms. Robinson's counterclaim, the trial court concluded that it should be dismissed. The trial court further determined, based upon the proof, that Mr. Ault was entitled to judgment on his claim under the lease. Without a transcript or statement of the evidence, we must presume the factual findings upon which the trial court based its judgment to be correct.

It is unfortunate that Ms. Robinson did not have the opportunity to present her case before the trial court. This court cannot, however, provide any relief to her in light of the present posture of her case.

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Tracy Robinson, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

recipient shall file and serve all other objections. Witnesses and exhibits not identified in compliance with this rule shall not be utilized at trial.